IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL THOMAS HENDERSON, JR.,

       Petitioner,                No. CIV S-05-1667 MCE CHS P

   vs.

TOM L. CAREY,

       Respondent.    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

## I.  INTRODUCTION

Petitioner Carl Thomas Henderson, a state prisoner, proceeds pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254.  Petitioner challenges the execution of the indeterminate life sentence he is serving for a first degree murder conviction.  In particular, petitioner challenges a November 3, 2004 decision of the state parole authority that he was not suitable to be released on parole.[1]

## II.  BACKGROUND

In 1982, a jury found petitioner guilty of first degree murder with use of a firearm. He was sentenced to an indeterminate term of twenty seven years to life in state prison.  His

---

[1] These findings and recommendations supercede the November 16, 2010 findings and recommendations, which were vacated on January 27, 2011.

1    minimum eligible parole date passed in November of 1999.

2            On November 3, 2004, a panel of the Board of Prison Terms ("Board") conducted

3    a second subsequent (third overall) hearing to determine petitioner's suitability for parole.   After

4    considering various positive and negative suitability factors, the panel concluded that petitioner

5    would pose an unreasonable risk of danger to society if released, and thus that he was not suitable

6    for parole.

7            Petitioner sought habeas corpus relief in the Los Angeles County Superior Court.

8    The petition was denied for failure to state a prima facie claim for relief.  The same petition

9    presented to the California Court of Appeal, Second District, was likewise denied, and the

10   California Supreme Court denied review.

11                              III.  CLAIMS PRESENTED

12           Petitioner presents the following three grounds for relief, verbatim:

13           Ground one:  The Board of Prison Terms' finding of unsuitability
             and denial of parole was unsupported by any evidence in the record
14           in violation of petitioner's due process rights as guaranteed by the
             Fourteenth Amendment to the United States Constitution.
15
             Ground two:  Petitioner's procedural due process rights were
16           violated during the hearing by the introduction of and reliance on
             evidence not made available to him before the hearing as required
17           under state law.

18           Ground three:  The Board of Prison Terms violated petitioner's due
             process rights by promulgating and applying regulations that are
19           inconsistent with the governing statutes concerning parole
             determinations.
20

21           For purposes of this opinion, petitioner's three grounds for relief will be addressed

22   together in a single discussion regarding the process due under federal law at a parole suitability

23   hearing in California.

24                   IV.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

25           An application for writ of habeas corpus by a person in custody under judgment of

26   a state court can be granted only for violations of the Constitution or laws of the United States.

1  28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v.*

2  *Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

3  This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to,

4  the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521

5  U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).  Under

6  AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in

7  state court proceedings unless the state court's adjudication of the claim:

8        (1) resulted in a decision that was contrary to, or involved an
      unreasonable application of, clearly established Federal law, as
9        determined by the Supreme Court of the United States; or

10        (2) resulted in a decision that was based on an unreasonable
      determination of the facts in light of the evidence presented in the
11        State court proceeding.

12  28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v.*

13  *Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

14  V.  DISCUSSION

15        The Due Process Clause of the Fourteenth Amendment prohibits state action that

16  deprives a person of life, liberty, or property without due process of law.  A person alleging a due

17  process violation must first demonstrate that he or she was deprived of a protected liberty or

18  property interest, and then show that the procedures attendant upon the deprivation were not

19  constitutionally sufficient.  *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 459-60

20  (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

21        A protected liberty interest may arise from either the Due Process Clause itself or

22  from state laws.  *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  The United States

23  Constitution does not, in and of itself, create for prisoners a protected liberty interest in the

24  receipt of a parole date.  *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of*

25  *Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

26  person to be conditionally released before expiration of a valid sentence.").  Where a state's

3

1  statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole

2  release will be granted' when or unless certain designated findings are made," thereby giving rise

3  to a constitutional liberty interest. *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz*, 442 U.S. at

4  12). California's parole statutes give rise to a liberty interest that is protected by the federal due

5  process clause. *See, e.g., Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010)

6  (overruled on other grounds); *see also Swarthout v. Cooke*, No. 10-333, slip op. at 4 (U.S.

7  January 24, 2011) ("the Ninth Circuit held that California law creates a liberty interest in

8  parole[.] While we have no need to review that holding here, it is a reasonable application of our

9  cases.) (citations omitted).

10         The full panoply of rights afforded a defendant in a criminal proceeding is not

11  constitutionally mandated in the context of a parole proceeding. *See Pedro v. Or. Parole Bd.*,

12  825 F.2d 1396, 1398-99 (9th Cir. 1987); *see also Swarthout*, slip op. at 4 ("In the context of

13  parole, we have held that the procedures required are minimal.") The Supreme Court has held

14  that a parole board's procedures are constitutionally adequate if the inmate is given an

15  opportunity to be heard and a decision informing him of the reasons he did not qualify for parole.

16  *Swarthout*, slip op. at 4-5 (citing *Greenholtz*, 442 U.S. at 16).

17         As a matter of *state* law, denial of parole to California inmates must be supported

18  by at least "some evidence" demonstrating future dangerousness. *See, e.g., In re Lawrence*, 44

19  Cal.4th 1181 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). California's

20  requirement that  "some evidence" support a parole decision is a substantive state right that is not

21  protected by the federal due process clause. *Swarthout*, slip op. at 5. Rather, in the parole

22  suitability context, "the only federal right at issue is procedural." *Id*. at 6.

23         In this case, the record reflects that petitioner was present at his November 3,

24  2004 parole suitability hearing, that he participated in the hearing, and that he was provided with

25  the reasons for the Board's decision to deny parole. As discussed, the federal Due Process

26  Clause requires no more. Alleged violations of state law are not cognizable in this federal habeas

4

1  corpus petition.  *See Estelle*, 502 U.S. at 67-68.  Moreover, a state law claim is not transformed

2  into a federal claim merely by citation to the federal due process clause.  *Poland v. Stewart*, 169

3  F.3d 573, 584 (9th Cir. 1999) (federal due process clause does not repackage a state law error

4  into a federal question).  Accordingly, no relief is available for petitioner's allegations that the

5  Board's decision deprived him of rights under the Due Process Clause of the 14th Amendment,

6  or that the Board violated provisions of state law.

7                                    VI.  CONCLUSION

8             For the foregoing reasons, IT IS HEREBY RECOMMENDED that the application

9  for writ of habeas corpus be DENIED.

10            These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-

12  one days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be served and filed within seven days after service of the objections.  Failure to file

16  objections within the specified time may waive the right to appeal the District Court's order.

17  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

18  1991).

19  DATED: February 10, 2011

20                                    CHARLENE H. SORRENTINO
                                      UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

                                          5